[See Case No. 8,458.]

━━━

## Case No. 8,458.

### In re LODER.

[4 Ben. 328.] [1]

District Court, E. D. New York. Oct., 1870.

DISCHARGE—PRINCIPAL DEBTOR—ENDORSER.

Where the discharge of a bankrupt was opposed by creditors, holding notes of a third party endorsed by the bankrupt, on the ground that his discharge was not assented to by a majority of his creditors, under the 33d section of the bankruptcy act, as amended by the act of July 27, 1868 [15 Stat. 227]: _Held_, that the bankrupt was not a "principal debtor" to such creditors within the meaning of the act, and that, as the discharge of the bankrupt was assented to by a majority of his creditors, in number and value, excluding the holders of such endorsements, he was entitled to his discharge.

[Cited in Re Badenheim, Case No. 716.]

[In the matter of Lewis B. Loder, a bankrupt. See Case No. 8,457.]

BENEDICT, District Judge. Lewis B. Loder, a bankrupt, moves for his discharge, under the provisions of the bankruptcy act. The discharge is opposed by certain of his creditors, who constitute a majority in number and value of the creditors who have proved claims, and who rely upon the 33d section of the act, amended by the act of July 27, 1868, as the foundation of their opposition.

The claims of these opposing creditors are all of one description, namely, the endorsement by the bankrupt of promissory notes made by a third party, duly protested, and notice of non-payment duly given, so as to fix the liability of the endorser.

The bankrupt contends that such endorsements do not constitute him a principal debtor to the holders of the protested notes, within the meaning of the 33d section as amended, and that he is entitled to his discharge, upon the written consent of a majority in number and value of the claims proved, excluding the claims of the contestants.

I am of the opinion, that the position taken by the bankrupt is correct. When the whole scope of the bankruptcy act is considered, it appears quite manifest, that it was not the intention of the act, to require of the debtor, as a condition to his discharge, the consent of creditors whose debts arise solely out of his endorsement of the notes of a third party. The words "principal debtor," as used in the 33d section, are to be taken in their ordinary legal acceptation, and do not include such an endorser.

The liability of an endorser, is secondary to that of the maker, who is the principal debtor, and the character of the obligation remains unchanged, notwithstanding it may have become fixed by demand, and notice of non-payment.

Accordingly, I am of the opinion, that the bankrupt is entitled to his discharge.

[For further decisions in Re Loder, see Case No. 8,459.]